# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

MILREACE M. MALONE,     *

Plaintiff,     *

v.     *     Civil Action No. JKB-19-1564

CIRCUIT COURT FOR BALTIMORE CITY, *
RICKY RICARDO MALONE, JR.
    *

Defendants.

\*\*\*

## **MEMORANDUM**

On May 28, 2019, Plaintiff Milreace M. Malone filed the above-captioned Complaint against the Circuit Court for Baltimore City, Maryland and Ricky Ricardo Malone, Jr., an inmate presently incarcerated in Pine Knot, Kentucky, alleging "civil rights" violations and invoking this Court's diversity jurisdiction. Compl. at p. 4, ECF No. 1; Civil Cover Sheet, ECF No. 1-1. Plaintiff alleges that her divorce proceedings from Mr. Malone have been "held up" in the Circuit Court although she paid the $185 fee on February 4, 2019. ECF No. 1 at 4-6. Plaintiff does not claim a specific amount in controversy but states that she "just want[s] a divorce." *Id.* at 5.

Plaintiff also filed a Motion for Leave to Proceed in Forma Pauperis. ECF No. 2. Plaintiff's motion shall be granted; however, for the reasons that follow, the Complaint must be dismissed.

Under the "well-pleaded complaint" rule, the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178 (1936)). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274

(4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co*., 511 U.S. 375, 377 (1994)). Moreover, the "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *accord Hertz v. Friend*, 599 U.S. 77, 95 (2010); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010).

Here, all of Plaintiff's claims relate to her divorce proceedings in the Circuit Court for Baltimore City. "In sum, despite the superficial federal question nature of this suit, the real purpose is plainly a domestic relations issue that belongs to the Maryland state court. It does not belong in federal court." *Aldmyr Sys., Inc. v. Friedman*, 215 F. Supp. 3d 440, 458 (D. Md. 2016) (citing *Lovern v. Edwards,* 190 F.3d 648, 655 (4th Cir. 1999) ("[F]ederal courts must guard against the litigant who frames a pretextual federal issue solely for the purpose of having a state-law claim adjudicated in the federal system . . . .")), *aff'd*, 679 F. App'x 254 (4th Cir. 2017), *cert. denied*, 138 S. Ct. 321 (2017). Thus, the instant Complaint does not state a claim that may be brought under this Court's federal question jurisdiction.

Under 28 U.S.C. § 1332(a), a federal district court has original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. The statute "requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W. Va. Energy Co., Inc. v. Mtn. State Carbon, LLC,* 636 F.3d 101, 103 (4th Cir. 2011) (citing *Caterpillar, Inc. v. Lewis,* 519 U.S. 61, 68 (1996)).

At a minimum, Plaintiff fails to state an amount in controversy. Even if she satisfied the diversity requirements, however, this Court is mindful that "[i]n granting diversity jurisdiction to the district courts, Congress did not authorize them to declare *ab initio* litigants' rights and duties under family relations laws." *Cole v. Cole*, 633 F.2d 1083, 1087 (4th Cir. 1980). Such issues have

traditionally been reserved to the state or municipal court systems with their expertise and professional support staff. To determine whether the exception to federal jurisdiction applies, district courts "must consider the exact nature of the rights asserted or of the breaches alleged." *Id.* at 1088. The exception has been found to apply "in matters which essentially pertain to divorce, alimony, child custody, or child support claims." *Tackett v. Tackett*, 877 F.2d 60 (4th Cir. 1989) (citing *Cole*, 633 F.2d at 1088).

As previously stated, Plaintiff's claims stem directly from proceedings surrounding her divorce from Defendant, which are still ongoing in state court. To the extent she seeks mandamus relief to force the State court to act on a pending matter before that court, this Court has no jurisdiction to command a State court to act. *See Gurley v. Superior Court of Mecklenburg Cty.*, 411 F.2d 586, 587 (4th Cir. 1969); s*ee also* 28 U.S.C. § 1361. Both the absence of federal jurisdiction over domestic relations cases, *see Cherry v. Cherry*, 438 F. Supp. 88 (D. Md. 1977) (dismissing diversity action that was brought to redress an alleged breach of separation agreement), and the absence of authority for this Court to command the State court to act, compels dismissal of this suit.

A separate order dismissing the case follows.

Dated this 31st day of May, 2019.

FOR THE COURT:

_____/s/_____
James K. Bredar
Chief Judge